# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHRISTOS HIONIDES and NADIA HIONIDES,

    Plaintiffs,

v.

    Case No. 3:21-cv-887-TJC-MCR

LIBERTY SURPLUS INSURANCE CORPORATION,

    Defendant.

## **O R D E R**

Section 28 U.S.C. § 1441(a) provides defendants a statutory right to remove cases from state court when a federal district court would have original jurisdiction. Section 28 U.S.C. § 1446(b)(1) provides the procedure by which defendants can remove cases; one such requirement being that "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

This case is before the Court on Plaintiffs Christos and Nadia Hionides' Motion to Remand, which argues that Defendant Liberty Surplus Insurance Corporation's Notice of Removal is untimely. (Doc. 6). Liberty responded in opposition. (Doc. 8). Plaintiffs first filed their complaint in state court on June

11, 2021, and on that same day Plaintiffs' counsel emailed Liberty's counsel (counsel of record here) informing them of the filed complaint, and Liberty's counsel replied acknowledging such. (Doc. 6 ¶¶ 42–46). It was obvious from the face of the complaint that the action was removable because Plaintiffs are citizens of Florida, Liberty is a citizen of New Hampshire and Massachusetts, and attached to the complaint was a Sworn Statement in Proof of Loss stating that total losses exceeded $1 million. (Doc. 1 ¶¶ 8, 10). On June 15, 2021, the parties spoke on the phone and "agreed that Plaintiffs would refrain from formal service of the filed Complaint until after the parties engaged in mediation." (Doc. 6 ¶ 48). The parties unsuccessfully mediated on July 6, 2021. Id. ¶¶ 53–56.

After the attempted mediation, on July 15, 2021, Plaintiffs' counsel, per service rules, sent process to the Chief Financial Officer of the State of Florida, and again emailed Liberty's counsel attaching the filed complaint and informing them of the service. (Docs. 6 ¶¶ 57–60; 1-4 at 9). Liberty's counsel acknowledged receipt of the email. (Docs. 6 ¶ 60; 6-7 at 1). On July 21, 2021, the Chief Financial Officer sent the process to Liberty's registered agent. (Doc. 1-4 at 9). Liberty states that, due to a clerical error, it was not aware of Plaintiffs' complaint until August 31, 2021, after learning of an entry of default in state court. (Docs. 1-4 ¶ 7; 8 ¶ 5). Liberty filed its Notice of Removal on September 3, 2021. (Doc. 8 ¶ 9). Liberty argues that the 30-day period for removal began on

2

August 31, 2021, when it became aware of the complaint, and that even if the removal was untimely, that the delay was excusable because Plaintiffs were not prejudiced.[1] (Docs. 1 ¶ 18; 8 at 6).

Historically, courts held that the 30-day removal period began when the defendant had possession of the complaint, even if the defendant was not yet formally served; however, the Supreme Court in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) held that a "defendant's period for removal will be no less than 30 days from service . . . ." The Court also held that in limited circumstances the 30-day period could run after service if the removable complaint was not included with the summons. Id. Liberty was formally served on July 21, 2021, and while Liberty says that it did not know of the service, Liberty's counsel acknowledged Plaintiffs' email (which included the complaint) informing counsel that service was complete. (Docs. 1 ¶ 4; 6 ¶ 60; 6-7 at 1).

The Court finds that the removal period began on July 21, 2021, when formal service was rendered because Liberty's counsel was aware of Plaintiffs' complaint both well before and at the time Liberty was formally served. See

---

[1] Notably, Liberty's Senior Litigation Complex Examiner stated that after learning of the default she conducted a diligent search of Liberty's records and "retained counsel to defend Liberty's interests in response to the action filed by Plaintiffs." (Doc. 1-4 ¶¶ 3–5). However, Plaintiffs' counsel was conversing with the counsel of record on this case well before then. (Docs. 6-1; 6-2; 6-3; 6-7).

3

(Doc. 6 at 9–12). While the 30-day period did not begin before formal service was rendered, see Murphy, 526 U.S. at 354, it certainly began once service was complete. The facts here do not fall under one of the limited exceptions in Murphy where the complaint was not included in the service. See id. Liberty needed to file its Notice of Removal by August 20, 2021, and it did not do so. See (Doc. 8 ¶ 9). Liberty's Notice of Removal is untimely. Further, the facts here do not warrant excusal of the 30-day rule. Liberty's counsel's many interactions with Plaintiffs' counsel and knowledge of the complaint and service provided Liberty ample time to remove Plaintiffs' complaint before the 30-day period expired.

Accordingly, it is hereby

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

2. After remand has been effected, the Clerk shall terminate any pending deadlines and motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 30th day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Clerk, Fourth Judicial Circuit, Duval County
Counsel of record